CORTLANDT F. BISHOP, Individually and as Executor of and Trustee under the Will of DAVID W. BISHOP, Deceased, Appellant, *v.* BEATRICE B. BISHOP et al., Respondents.

(Argued June 9, 1931; decided July 15, 1931.)

*Nathan L. Miller, Charles A. Boston* and *Harold H. Corbin* for appellant. The plaintiff has been unlawfully deprived of two-thirds of the residuary estate. (*Hillen* v. *Iselin,* 144 N. Y. 365; *Tucker* v. *Billing,* 2 Jur. [N. S.] 483; *Sherman* v. *Richmond Hose Co.,* 230 N. Y. 469; *Ely* v. *Megie,* 219 N. Y. 136; *Ely* v. *Ely,* 163 App. Div. 320; *Murray* v. *Miller,* 85 App. Div. 414; 178 N. Y. 316; *Matter of Brewsher,* 178 App. Div. 381; 221 N. Y. 657; *Matter of McGraw,* 111 N. Y. 66; *Matter of Opdyke,* 255 N. Y. 255; *Riker* v. *St. Luke's Hospital,* 35 Hun, 512; 102 N. Y. 742; *Fairchild* v. *Edson,* 154 N. Y. 199; *Decker* v. *Vreeland,* 220 N. Y. 326; *Lefevre* v. *Lefevre,* 59 N. Y. 434; *Kerr* v. *Dougherty,* 79 N. Y. 327; *People's Trust Co.* v. *Smith,* 82 Hun, 494; 147 N. Y. 693; *Stephenson* v. *Short,* 92 N. Y. 433; *Matter of Seymour,* 239 N. Y. 259; *Matter of Sugden,* 249 N. Y. 541.) The rule against undue suspension was violated. (*Holmes* v. *Mead,* 52 N. Y. 332; *Frick* v. *Pennsylvania,* 268 U. S. 473.) The immediate payment of counsel fees and expenses out of the entire residuary estate unlawfully impaired the plaintiff's principal and his income from the third share of his father's residuary estate. (*Strong* v. *Dutcher,* 186 App. Div. 307; 2 Heaton Surr. Courts [5th ed.], 271; Jessup Surr. Courts [6th ed.], § 1075; *Brinckerhoff* v. *Farias,* 52 App. Div. 256; *Matter of Holden,* 126 N. Y. 589; *Walbridge* v. *Walbridge,* 132 App. Div. 33; *Matter of Budlong,* 100 N. Y. 203; *Matter of Pitney,* 186 N. Y. 540; *Illensworth* v. *Illensworth,* 110 App. Div. 399; *Livingston* v. *Ward,* 248 N. Y. 193; *Douglas*

v. *Cruger*, 80 N. Y. 15; *Lent* v. *Howard*, 89 N. Y. 169; *Cuthbert* v. *Chauvet*, 136 N. Y. 326; *Matter of Hoyt*, 12 Civ. Pro. Rep. 208; *Noyes* v. *Beekman*, 6 N. Y. 579; *Matter of Williams*, 187 N. Y. 286; *Matter of Ungrich*, 201 N. Y. 415; *Ellis* v. *Kelsey*, 241 N. Y. 374; 242 N. Y. 495; *Smith* v. *Johnson*, 200 App. Div. 811.)

*Winthrop H. Kellogg* for Beatrice B. Bishop, respondent. The entire residuary estate of the testator is now held in trust for the benefit of plaintiff for his lifetime and the plaintiff's individual interest under the will is limited to that life interest. (*Matter of Stewart*, 131 N. Y. 274; *Matter of Harbeck*, 161 N. Y. 211; *Commonwealth* v. *Williams*, 13 Penn. St. 29; *North Adams Nat. Bank* v. *Commissioner*, 167 N. E. Rep. 294; *Greenough* v. *Osgood*, 235 Mass. 235; *Rae Co.* v. *Courtney*, 250 N. Y. 271; *Matter of Smith*, 237 N. Y. 562; *Close* v. *Farmers Loan & Trust Co.*, 195 N. Y. 92; *Mee* v. *Gordon*, 187 N. Y. 400; *Howland* v. *Clendenin*, 134 N. Y. 305; *Striker* v. *Mott*, 28 N. Y. 82; *Smith* v. *Scholtz*, 68 N. Y. 41; *Matter of Gorges*, 120 Misc. Rep. 171; *Williams* v. *Boul*, 101 App. Div. 593; 184 N. Y. 605; *Home* v. *Lippardt*, 70 Ohio St. 261; *American Baptist Home Misson Soc.* v. *Bowman*, 297 Fed. Rep. 438; *Riker* v. *St. Luke's Hospital*, 102 N. Y. 742; *Edson* v. *Bartow*, 154 N. Y. 199; *Cochrane* v. *Schell*, 140 N. Y. 516.) The right of the defendant to the remainder interests in the first and second shares of the residuary estate was correctly determined. (*Curdy* v. *McCallum*, 186 Mass. 464; *Bliven* v. *Seymour*, 88 N. Y. 469; *Phillips* v. *Phillips*, 112 N. Y. 197; *Smith* v. *Floyd*, 140 N. Y. 337; *Collister* v. *Fassitt*, 163 N. Y. 281; *Furniss* v. *Cruikshank*, 230 N. Y. 495; *Close* v. *Farmers Loan & Trust Co.*, 195 N. Y. 92; *Mee* v. *Gordon*, 187 N. Y. 400; *Matter of Moore*, 152 N. Y. 602; *Smith* v. *Floyd*, 140 N. Y. 337; *Matter of Hoffman*, 201 N. Y. 247; *Smith* v. *Scholtz*, 68 N. Y. 41; *Tyson* v. *Blake*, 22 N. Y. 558; *Matter of McLaughlin*, 111 Misc. Rep. 512; *Matter of Groth*, 128

Misc. Rep. 905; *Webel* v. *Kelly*, 111 App. Div. 521; *Lytle* v. *Beveridge*, 58 N. Y. 592; *West* v. *Murphy*, 197 N. C. 488.) There is neither repugnancy nor illegality in the proviso clause. (*Farmers Bank* v. *Hale*, 59 N. Y. 53; *Roseboom* v. *Roseboom*, 81 N. Y. 356; *Snedeker* v. *Congdon*, 41 App. Div. 433; *Banger* v. *Banger*, 156 N. Y. 429; *Fowler* v. *Ingersoll*, 127 N. Y. 472; *Vanderzee* v. *Slingerland*, 103 N. Y. 47; *Brown* v. *Gardner*, 233 N. Y. 261; *Matter of Gardner*, 140 N. Y. 122; *Howland* v. *Clendenin*, 134 N. Y. 305; *Herzog* v. *Title G. & T. Co.*, 177 N. Y. 86; *Crozier* v. *Bray*, 120 N. Y. 366; *Kent* v. *Morrison*, 153 Mass. 137; *Fearing* v. *Swift*, 97 Mass. 413; *Simonds* v. *Simonds*, 112 Mass. 157; *Shattuck* v. *Balcom*, 170 Mass. 245; *Van Nostrand* v. *Moore*, 52 N. Y. 20; *Noble* v. *Thayer*, 19 App. Div. 446; *Turnbull* v. *Whitmore*, 218 Mass. 210.) No provision of the will violates the New York statutes, or the Massachusetts rule, against perpetuities. (*Dammert* v. *Osborn*, 140 N. Y. 30; *Despard* v. *Churchill*, 53 N. Y. 192; *Chamberlain* v. *Chamberlain*, 43 N. Y. 424; *White* v. *Howard*, 46 N. Y. 144; *Cross* v. *U. S. Trust Co.*, 131 N. Y. 330; *N. Y. Life Ins. & Trust Co.* v. *Viele*, 161 N. Y. 11; *Dupuy* v. *Wurtz*, 53 N. Y. 556; Dec. Est. Law, § 47; *Cross* v. *United States Trust Co.*, 131 N. Y. 330; *Matthews* v. *Studley*, 17 App. Div. 303; 161 N. Y. 633; *Trask* v. *Sturges*, 170 N. Y. 482; *Schermerhorn* v. *Cotting*, 131 N. Y. 48; *Jackson* v. *Phillip*, 14 Allen, 539; *Schettler* v. *Smith*, 41 N. Y. 328; *Matter of Trevor*, 239 N. Y. 6; *Hillen* v. *Iselin*, 144 N. Y. 365.) The allowance should not be charged entirely against the third share of the residuary estate. (*Williams* v. *Sage*, 180 App. Div. 1; *Trustees* v. *Greenough*, 105 U. S. 527; *Smith* v. *Johnson*, 200 App. Div. 811; *Matter of Roosevelt*, 131 Misc. Rep. 800; *Atwater* v. *Elkhorn Valley Coal-Land Co.*, 184 App. Div. 253; 227 N. Y. 611; *Schoenherr* v. *Van Meter*, 215 N. Y. 548; *Strong* v. *Dutcher*, 186 App. Div. 307; *Woodruff* v. *N. Y. R. R. Co.*, 129 N. Y. 27; *Bailey* v. *Buffalo Loan Co.*, 214 N. Y. 689; *Smith* v.

*Smith*, 4 Paige's Eq. 271; *Jessup* v. *Smith*, 223 N. Y. 203; *Matter of Ungrich*, 201 N. Y. 415; *Ellis* v. *Kelsey*, 241 N. Y. 374.)

*William G. Barr* for St. Luke's Hospital, respondent. The exercise of the power by the widow appointing in favor of plaintiff resulted in placing her trust share in trust for his life. (Real Prop. Law, § 177; Sugden Powers [8th ed.], 521; *McLean* v. *McLean*, 174 App. Div. 157; *Hillen* v. *Iselin*, 144 N. Y. 374; *Austin* v. *Oakes*, 117 N. Y. 577; *Thayer* v. *Rivers*, 179 Mass. 280.) The proviso is not repugnant to the prior clauses of article 9 of the will but is a fundamental part of the testator's clearly expressed testamentary plan. (*Taggart* v. *Murray*, 53 N. Y. 233; *Coleman* v. *Beach*, 97 N. Y. 553; *Crozier* v. *Bray*, 120 N. Y. 366; *Howland* v. *Clendenin*, 134 N. Y. 305; *Herzog* v. *Title G. & T. Co.*, 177 N. Y. 86; *Mee* v. *Gordon*, 187 N. Y. 400; *Close* v. *Farmers L. & T. Co.*, 195 N. Y. 92; *Matter of Bearse*, 167 App. Div. 415; *Callahan* v. *Volke*, 220 App. Div. 379; *Matter of Weiss*, 124 Misc. Rep. 413; *Matter of Buechner*, 226 N. Y. 440.) In the shares which remain in trust for the life of plaintiff, the remainder is given to his issue living at his death. The gift arises from the express provisions of the will and also by clear implication from the language used. (*Bliven* v. *Seymour*, 88 N. Y. 469; *Curdy* v. *McCullum*, 186 Mass. 464; *Mee* v. *Gordon*, 187 N. Y. 400; *Matter of Moore*, 152 N. Y. 602; *Close* v. *Farmers Loan & Trust Co.*, 195 N. Y. 92; *Smith* v. *Floyd*, 140 N. Y. 337; *Matter of Hoffman*, 201 N. Y. 247; *Matter of McLaughlin*, 111 Misc. Rep. 905; *Webel* v. *Kelly*, 111 App. Div. 521; *Metcalf* v. *Framingham Parish*, 128 Mass. 370; *Sanger* v. *Bourke*, 209 Mass. 481; *Stearns* v. *Fenno*, 227 Mass. 247; *Nowland* v. *Welch*, 88 Md. 48; *Eldred* v. *Shaw*, 112 Mich. 237; *Love* v. *Walker*, 59 Ore. 95; *Cross* v. *Hock*, 149 Mo. 325; *Ball* v. *Phelan*, 94 Miss. 293; *Estate of Blake*, 157 Cal. 448; *Beilstein* v. *Beilstein*, 194

Penn. St. 152.) If the appellant is the outright owner of the first and second shares, he should be compelled to satisfy those shares out of the New York property only so far as possible so that the Massachusetts property shall be available for distribution to the charities if the plaintiff dies without issue. (*Fargo* v. *Squiers*, 154 N. Y. 250; *Farmers Loan & Trust Co.* v. *Kip*, 192 N. Y. 266; *Matter of Terwilliger*, 135 Misc. Rep. 170; 230 App. Div. 763; *Maynard* v. *Maynard*, 108 Misc. Rep. 362.)

*George W. Martin, Grenville T. Emmet* and *Richard S. Emmet* for Bank of New York and Trust Company, respondent. The proviso should not be rejected as ineffectual, repugnant and obscure. The courts must take the will as written and carry out the testator's intent as he expressed it. (*Howland* v. *Clendenin*, 174 N. Y. 305; *Close* v. *Farmers Loan & Trust Co.*, 195 N. Y. 92; *Mee* v. *Gordon*, 187 N. Y. 400; *Hallinan* v. *Skillen*, 253 N. Y. 550; *Matter of McFadden*, 135 Misc. Rep. 690; *Matter of Giegerich*, 135 Misc. Rep. 600; *Matter of Smith*, 128 Misc. Rep. 96; *Matter of Groth*, 128 Misc. Rep. 905.) Under the provisions of the will as construed no part of the residuary estate could possibly remain in trust for a period longer than two lives and the trusts are valid *in toto*. (*Hillen* v. *Iselin*, 144 N. Y. 365; *Matter of Terwilligar*, 135 Misc. Rep. 170; *Schettler* v. *Smith*, 41 N. Y. 328; *Tiers* v. *Tiers*, 98 N. Y. 568; *Matter of Durand*, 250 N. Y. 45; *Matter of Wilcox*, 194 N. Y. 288; *Matter of Trevor*, 239 N. Y. 6; *Bailey* v. *Bailey*, 97 N. Y. 460; *U. S. Trust Co.* v. *Webb*, 110 Misc. Rep. 683; *Matter of Hurlbut*, 51 Misc. Rep. 263.)

*George N. Whittlesey* for The Children's Aid Society, respondent.

*Francis Smyth* for The New York Association for Improving the Condition of the Poor, respondent.

*John H. Johnson* and *Stephen G. Williams* for New York Home for Incurables, respondent.

CARDOZO, Ch. J. This action involves the construction of the ninth article of the will of David Wolfe Bishop, the elder, who died in 1900, a resident of Massachusetts, leaving a wife, Florence V. C. Bishop, afterwards Mrs. Parsons, and two sons, Cortlandt F. Bishop and David Wolfe Bishop, Jr.

By the article in controversy the residuary estate was divided into three shares upon trusts and limitations substantially as follows: One share to be held in trust for Mrs. Bishop during her life with power to appoint the remainder to her sons and their issue in such proportions as she chose, and in default of such appointment to the sons equally or their issue; a second to be held in trust for David during his life, remainder to his issue, and in default of issue to the brother Cortlandt if then surviving, and, if not, to the issue of such brother; and a third to be held in trust for Cortlandt during his life, remainder to his issue, and in default of issue to the brother David, if then surviving, and, if not, to the issue of such brother.

The limitations thus summarized would have been too clear, if they had stood alone, to raise a problem of construction. They were succeeded, however, by a proviso which limits their generality and obscures their meaning.

The proviso is the following:

" Provided, however, as to all the foregoing provisions of this article of my will in favor of my sons, both direct and those to take effect upon the decease or remarriage of their mother, that they are upon the proviso and condition following, that is to say:

" It is my wish that my estate shall go to my descendants, and if there shall not be issue of my sons to whom it can go, that in considerable part it shall go for charitable uses and purposes. This will, I know, be in accordance with the wishes of my dear wife. I feel confident that my sons will second my desire in this regard. I do

therefore provide if and to the extent that the law will permit, in the event that both my sons shall die without surviving issue, that there shall be paid upon the death of the survivor, from my residuary real and personal estate, to my cousin, Mrs. Mary Augusta Alexander, of Augusta, Georgia, the sum of Five hundred thousand dollars ($500,000), the same in the case of her death to go to those persons who by the laws of the State of New York would take, and in the shares in which they would take, the same as personal property if she had died possessed thereof intestate; that in such case, that is to say, in and to meet the case that my two sons shall both die without surviving issue, each one shall have the right by Will to dispose, absolutely, of two hundred thousand dollars ($200,000) from my residuary estate; and that the residue shall go, and if and to the extent that the law will permit, I give, devise and bequeath the residue as follows: One-third thereof to St. Luke's Hospital in the City of New York; one-sixth thereof to the New York Home for Incurables; one-sixth thereof to the Children's Aid Society; one-sixth thereof to the New York Association for Improving the Condition of the Poor, and one-sixth thereof to the Catharine Mission, founded by my dear wife. If the said Catharine Mission shall not be or become incorporated so as to be able to take such one-sixth, or if either of the other institutions shall be unable to take the share left to it, I direct that the share or shares which shall thus fail shall go to and be divided among the other of the said institutions in the proportion of two parts thereof to St. Luke's Hospital and one part to each of the others. And in order that this provision, as far as possible, may have effect, I do further will and provide that during the lives of my sons respectively, all part of my residuary estate which under the foregoing provisions hereof would go to them, shall remain with the Trustees herein appointed, and their successors, upon the special trust and confidence, to have and to hold the same

for and during the term of his natural life, to receive the income, rents, issues and profits thereof, and to apply the same to his use, maintenance and support. If it shall so happen that this provision of my Will can take effect in part, and only in part, and that by law a part of my residuary estate, if my sons shall both die without issue, must eventually go to the surviving son, then it is my will and I do provide that there shall not be given to him the power to appoint any portion of my residuary estate by will, but that the amount which will certainly come to him shall be treated as the equivalent of such power of appointment.

" If in any respect any provision of my Will in whole or in part shall prove to be invalid, such invalidity shall only affect the part of such provision which shall be invalid. In all other respects my Will shall stand as if such invalid provision had not been made, and it shall fail to the extent, and only to the extent, that such provision shall be invalid."

David Wolfe Bishop, Jr., died in 1911, without issue, leaving a will by which his entire estate, both real and personal, was given to his mother.

Florence V. C. Bishop, the mother (then Mrs. Parsons), died in 1922, leaving a will by which she appointed to her son Cortlandt the share of her husband's estate that had been held in trust during her life. She also made him her residuary legatee and devisee.

The sole issue of Cortlandt is a daughter, Beatrice Bend Bishop, now Beatrice Bend Berle.

The question of construction arises with reference to the respective interests of Cortlandt and his issue in the first and second shares.

As to the second of the three shares, we agree with the Appellate Division in its holding that the gift over to Cortlandt upon the death of David without issue was cut down and qualified by force of the proviso. The effect of that proviso is to substitute for the gift of the

fee a trust estate for Cortlandt during his life, with remainder to his surviving issue, and in default of such issue to the charities, subject only to a gift of $500,000 to a cousin, or to the successors in interest of such cousin, and subject as to $200,000 to a power of appointment. The gift to the issue is not declared in so many words, but it results by necessary implication (*Mee* v. *Gordon*, 187 N. Y. 400; *Matter of Hoffman*, 201 N. Y. 247). To refuse such implication would be to thwart the end and aim of the proviso, the preservation of the estate for the use of the descendants. Whether the contingent remainders to the charities in default of issue then surviving are valid or invalid is a question not before us. The Appellate Division reserved any determination in respect of those remainders until such time as a failure of issue might make the gifts important. The discretion thus exercised is not subject to revision here.

As to the first of the three shares, the one held in trust for the wife with a power of appointment, there is a question as to the suspension of the absolute ownership. The determination of this question does not affect the disposition of the real estate in the State of Massachusetts, where the rule as to perpetuities differs from our own. It does not affect the disposition of the personalty, for as to this also the validity of the will is governed by the law of Massachusetts, the State of the testator's domicile (*Dammert* v. *Osborn*, 140 N. Y. 30; *Cross* v. *United States Trust Co.*, 131 N. Y. 330; Decedent Estate Law; Cons. Laws, ch. 13, § 47). What follows is to be understood as limited to that part of the subject-matter of the trust for the benefit of the wife which is made up of real estate in the State of New York.

As to real estate so situated the gift to issue or descendants surviving the two sons suspends the vesting of the remainders for more than two lives in being at the death of the testator. The power of alienation is suspended during the life of the testator's wife, and then, by force

of the proviso, during the life of her son Cortlandt, the appointee under the power. At this point the remainders to be valid should have been so framed by the testator that to a certainty they would vest in interest (*Matter of Wilcox*, 194 N. Y. 288). But they were not framed in such wise that this certainty existed at the time of the testator's death. We put aside the possibility that the donee of the power might have exercised it in some other way than the one that she selected. This possibility will not avail without more to invalidate the gift if the way chosen was lawful (*Hillen* v. *Iselin*, 144 N. Y. 365, 378, 380). The appointment under the power is to be read into the will by which the power was created and the validity of the gift determined as if the provision thus incorporated had been there from the beginning (*Dana* v. *Murray*, 122 N. Y. 604, 616; *Hillen* v. *Iselin*, *supra*). When the two instruments are thus united, the life estates are kept within the lawful period of suspension, but not the ulterior limitations for the benefit of descendants. The testator has declared his will that at the end of the two lives the shares shall be released from the restrictions of the trust, but not from this alone does a certainty arise that with the termination of the trusts the remainders shall be absolute, unaffected by contingencies of birth or death thereafter. Those contingencies are not to cease until both the sons have died and their issue have been thus determined. Until that event arrives, the class of devisees may be augmented or diminished. The gift is not confined to the issue of the son for whom the trust has been established. The issue of both sons — all who can qualify as descendants of the testator — are to share in the division. The gift is not final till the class is ascertained. It so happens that the son David died without issue during the lifetime of his mother and of Cortlandt with the result that at the death of Cortlandt the class of issue will be ascertainable without the contingency of change. The validity of the gift must,

however, be determined according to the possibilities that were present at the death of the testator (*Matter of Wilcox*, 194 N. Y. 288). The will was valid then or never. Unknown and unknowable it then was whether David would die before his brother; unknown and unknowable whether he would die with descendants or without them. If David were alive to-day, the first of the three shares, though appointed by the mother to the use of Cortlandt solely, would pass to a class made up of the issue of the brothers. Not till both were in their graves could the members of the class be numbered. The result is a postponement of the vesting beyond the statutory term (*Matter of Wilcox, supra; Walker* v. *Marcellus & O. L. Ry. Co.*, 226 N. Y. 347).

The invalidity of the gift to issue following the trust for Cortlandt carries with it as a consequence the invalidity to a like extent of the trust engrafted by the proviso upon the subject-matter of the power. By the express declaration of the testator, the only purpose to be served by cutting down the gift in fee and impressing it with a trust during the lifetime of the son to whom the fee would have passed if the proviso had been omitted, is to make it possible to give effect to the remainders that are to preserve the estate for the use of the descendants, and in default of them, for charity. If the remainders are destroyed, the trust is a futility. The testator's state of mind in that contingency is not a subject of speculation merely. He has expressed it in the will. He has told us in substance that he has no wish for the trust except in aid of the remainders. Strike out the remainders for the issue and the charities, and the consequence will be, if the trust is to be preserved, that Cortlandt will have a remainder in fee, devisable and alienable, dependent upon a trust for his own use to continue during life. Such a remainder will be upheld, if the testator was willing to create it (*Doane* v. *Mercantile Trust Co.*, 160 N. Y. 494). It cannot be upheld under this will without thwarting the

declared purpose to make the trust an instrument whereby to effectuate remainders supposed to be valid and now determined to be void.

We are not forgetful of the directions of the testator as to the severance of the good from the bad in the event of partial invalidity. Like directions are not unusual now-a-days in ordinances and statutes. The decisions are to the effect that the declaration of a will to sever is an aid to construction; " not an inexorable command " (*Dorchy* v. *Kansas,* 264 U. S. 286; *Williams* v. *Standard Oil Co.,* 278 U. S. 235, 241; cf. *Moffat Tunnel Improvement District* v. *Denver & St. L. Ry. Co.,* 45 Fed. Rep. |2d| 715, 731). A point there must be, both for statutes and for testaments, at which severance is not surgery, but useless mutilation. We think that point is reached when what is expressly declared to be an adjunct, in promotion of a larger end, is given a separate existence after the end has come to naught.

The annulment of the trust and the dependent remainders to the extent stated in this opinion will relieve the son Cortlandt from the duty of restoring to the trust the moneys adjudged by the referee to have been wrongfully withdrawn in so far as those moneys shall be found to have been the proceeds of real estate in New York devised to him by his mother under the power of appointment.

The judgment of the Appellate Division modifying and as modified affirming the referee's judgment of July 23, 1929, should be further modified in accordance with this opinion in respect of any real estate situated in New York and included in the first share of the residuary estate, and in respect of the requirement for the restoration to the trust of any proceeds of such real estate withdrawn by the plaintiff, and as so modified the judgment should be affirmed with costs to all parties appearing and filing briefs in this court payable out of the estate.

The judgment of the Appellate Division affirming the

referee's judgment of October 1, 1929, whereby the counsel fees and expenses of the defendant Beatrice Bend Berle in the sum of $25,326.60 were declared to be a charge upon the entire residuary estate should be modified by exempting the first of the shares of said estate to the extent of any New York real estate included therein from the charge thereby imposed, and as modified affirmed, without costs.

The form of the remittitur may be settled upon notice.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.