In the Matter of the Petition of Lee McCanliss, Russel S. Coutant and J. Hutton Hinch, Copartners Composing the Firm of McCanliss, Coutant & Hinch, to Fix and Determine Compensation for Legal Services Rendered to Elizabeth Baker Wadsworth and to All Persons Interested in the Estate of Horace Eliot Wadsworth, Deceased, under the Last Will and Testament of Decedent.*

Lee McCanliss and Others, Copartners, etc., Appellants, Respondents; Dorothy Platt White, as General Guardian of the Person and Property of Mary Elizabeth Wadsworth, Infant Daughter of Decedent, Respondent, Appellant; Guaranty Trust Company of New York, Executor and Trustee, etc., of Horace Eliot Wadsworth, Deceased, and New York Orthopaedic Dispensary and Hospital, Respondents.

First Department, February 11, 1937.

* See 160 Misc. 410.

*Lee McCanliss* of counsel [*Roy T. Ambert* with him on the brief; *McCanliss & Early*, attorneys], for the petitioners.

*Kenneth B. Keating* of counsel [*Harris, Beach, Folger, Bacon & Keating*, attorneys], for Dorothy P. White, as general guardian of Mary Elizabeth Wadsworth, an infant.

UNTERMYER, J. The question presented for decision is whether legal services rendered by the petitioners were of such a character that they could properly be paid out of the estate of the decedent, Horace E. Wadsworth, under section 231-a of the Surrogate's Court Act.

Horace E. Wadsworth died on August 10, 1933, at Reno, Nev. His will and three codicils were probated in New York county and appointed the Guaranty Trust Company executor and trustee. His father, Frederick E. Wadsworth, had died on March 27, 1927, a resident of Westchester county, where his will was admitted to probate. The estate of Horace Eliot Wadsworth consisted principally of a trust fund, of which the Guaranty Trust Company also was trustee, created by the will of his father for his benefit during life, with power of testamentary appointment of the corpus of the trust. In his will Horace Wadsworth made provision for Elizabeth Baker Wadsworth, his widow and second wife, by the creation of a trust of one-half of the residuary estate, the income of which should be paid to her during life provided the testator was living with and should not be estranged from her at the time of his death; otherwise to be paid to his daughter by a former marriage during life.

The petitioners appeared as attorneys for the testator's widow and applied for allowances from the principal of the fund received by the Guaranty Trust Company, as executor and trustee of the estate of Horace E. Wadsworth, from the estate of his father. They asserted that they had rendered various services of benefit to the estate in four proceedings denominated as follows: (1) Probate proceedings; (2) a proceeding " for the construction of the will of decedent;" (3) a proceeding under section 19 of the Decedent Estate Law to have the compromise judicially approved, and (4) an accounting proceeding in the estate of Frederick E. Wadsworth, deceased, in Westchester county. The application was opposed by Dorothy Platt White, the testator's first wife, acting

as general guardian of the testator's infant daughter, upon the ground that none of these services should be paid by the estate of the testator. The surrogate held that the first two enumerated proceedings might not be paid by the estate, but made allowances for services rendered in connection with the two remaining proceedings. We are of the opinion that no allowance should have been made.

In the probate proceedings the petitioners represented the widow. The executor was represented by its own attorneys. The petitioners claim, however, that they acted in conjunction with the attorneys for the executor, although it is not contended that they were recognized as its counsel. Accordingly, the surrogate correctly held that in this proceeding they were merely protecting the interests of their private client. (*Matter of Ordway*, 196 N. Y. 95, 98; *Matter of Rosenberg*, 147 Misc. 517; affd., 241 App. Div. 601; affd., 265 N. Y. 521; *Matter of Frame*, 245 App. Div. 675, 688; *Matter of Paramount Publix Corporation*, 85 F. [2d] 588, 590.)

The greater part of the petitioners' services were rendered in the proceeding which they describe as a proceeding " for the construction of the will of decedent," and in this the surrogate properly held that the meaning of the will was not in issue. The real issue was whether the testator was living with and not estranged from his second wife at the time of his death, and this was a question of fact. The contest on that issue of fact resulted in a settlement agreement, in connection with which the attorneys for the executor assumed a neutral position between the general guardian for the testator's infant daughter and his second wife. The petitioners' efforts in arriving at a settlement were rendered exclusively for their own client and not for the benefit of the general estate. Those efforts culminated in a proceeding under section 19 of the Decedent Estate Law to secure approval of the compromise by the surrogate. We think there is no justification for an allowance to the petitioners in connection with services rendered in that proceeding, which merely had for its purpose the confirmation of the adjustment between parties interested in the estate who had found it expedient to avoid the uncertainty of further litigation.

In the accounting proceeding in Westchester county involving a construction of the will of Frederick E. Wadsworth, other counsel who had performed services were granted allowances by the surrogate of Westchester county, but the petitioners declined to request an allowance on the ground that they intended to present a claim to the surrogate of New York county for "all of their services in connection with the construction of the will of Horace Eliot Wadsworth, deceased." The issue in that proceeding, which

was initiated by the petition of the Guaranty Trust Company, as trustee of the trust created for the benefit of Horace E. Wadsworth under his father's will, was whether, under the power of appointment exercised by Horace E. Wadsworth, the fund should be paid to the Guaranty Trust Company, as executor of the estate of Horace E. Wadsworth, or to the Guaranty Trust Company, as trustee thereof. The Guaranty Trust Company, as trustee under the father's will, was asserting in that proceeding that the fund should be paid to itself as executor rather than to itself as trustee under the will of Horace E. Wadsworth. The petitioners joined in that contention although it is difficult to perceive how their client's interest was affected, since the settlement agreement was made with the Guaranty Trust Company both as executor and trustee under the will of Horace E. Wadsworth. The general guardian of the infant daughter, however, insisted that the fund should be paid directly to the trustee, thereby avoiding payment of double commissions to the Guaranty Trust Company. The surrogate of Westchester county held that only so much should be paid to the Guaranty Trust Company, as executor of Horace E. Wadsworth, as would satisfy general legacies, debts, funeral and administration expenses, and that the remainder should be paid to the Guaranty Trust Company, as trustee. In all these proceedings the Guaranty Trust Company, as trustee under the will of Frederick E. Wadsworth, was represented by its own attorneys, who were asserting in the Westchester county proceeding the same contentions asserted by the petitioners. No independent action by the petitioners was either requested or required for the protection of the common interest. Their services were rendered in the interest of their own client, if we assume that she had any interest in the question, and not on behalf of the estate of Horace E. Wadsworth. (*Matter of Attorney-General* v. *North American Life Ins. Co.*, 91 N. Y. 57, 62.) In so far as those services may have been of benefit to the estate of Frederick E. Wadsworth in proceedings which involved the construction of his will, it would be necessary for the petitioner to secure compensation from that estate, if allowable at all, from the surrogate of Westchester county.

The decree appealed from should be affirmed in so far as it denies the application of the petitioners for compensation payable out of the estate for their services and disbursements in the first and second proceedings, and reversed in so far as it grants their application for compensation for services in the third and fourth proceedings, with costs of this appeal to the general guardian and the matter remitted to the surrogate of the county of New York for further action in accordance with this opinion.

MARTIN, P. J., TOWNLEY, GLENNON and DORE, JJ., concur.

Decree, in so far as it denies the application of the petitioners for compensation payable out of the estate for their services and disbursements in the first and second proceedings, unanimously affirmed, and in so far as it grants their application for compensation for services in the third and fourth proceedings, unanimously reversed, with costs to the general guardian, and the matter remitted to the surrogate of the county of New York for further action in accordance with opinion of this court. Settle order on notice.