736

In the Matter of the Estate of JOHN H. BRADFORD, Deceased.

Surrogate's Court, New York County, December 3, 1937.

Duer, Strong & Whitehead [Hugh Morgan, Jr., of counsel], for the executors of the deceased executrix-trustee.

Francis H. Kinnicutt, for Mary Josephine Kissel and others, objectants.

Nathan Ravner, special guardian for infants.

Beekman, Bogue, Leake, Stephens & Black, for Margaret E. Bradford, individually, and for the executors of John H. Bradford, Jr., deceased executor and trustee.

DELEHANTY, S. This is an account of the proceedings of the deceased executrix-trustee made by her executors in her behalf. Objection thereto has been filed because the account fails to report as

estate assets the capital of a fund in respect of which deceased was a trustee, an income beneficiary and donee of a power of appointment. The fund in question was erected pursuant to the will of Samuel Dexter Bradford, a resident of Massachusetts. The probate court of Massachusetts issued letters of trusteeship under which the fund has been administered. Since the death of John Henry Bradford, one of the original trustees, and the deaths of John H. Bradford, Jr., and Elizabeth Bradford, the successor trustees under Samuel D. Bradford's will, that probate court has appointed a new successor trustee who is now acting and who it is said has become a party to a proceeding initiated for the settlement of the accounts of the deceased trustees, Elizabeth and John H. Bradford, Jr.

Under the will of Samuel Dexter Bradford deceased exercised his power to appoint the fund by appointing it in trust for the benefit of his wife and son during the life of his wife with remainder over. Under certain contingencies objectants may have an interest in the fund so appointed. They urge that this court has exclusive jurisdiction over the fund because the deceased as donee of the power of appointment resided here and though acting by authority of the Massachusetts court kept the trust *res* here. The contention in other words is made that the situs of the trust arising by reason of the exercise of the power of appointment is here. The court is of the contrary opinion. The fund should be administered in the probate court of Massachusetts where it primarily belongs and where speedy disposition can be made of any questions validly raised respecting it.

The trust presently owns some real property acquired in the foreclosure of mortgages theretofore owned by it. The fact that such real property is located in this State does not suffice to change the ruling here made. The realty thus on hand is to be deemed personalty so far as the trust administration is concerned.

For the purpose of taking proof on the objections of the special guardian, the matter has been placed on the calendar for December 15, 1937, at two o'clock P. M.