In the Matter of the Judicial Settlement of the Account of Proceedings of HENRY J. HEWITT and the CORN EXCHANGE BANK TRUST COMPANY, as Executors of and Trustees under the Last Will and Testament of HARRY B. PEACE, Deceased. H. WARD PEACE, Appellant; HAZEL HEWITT BURTT and HARVEY WARD HEWITT, Ancillary Executors, etc., of HENRY J. HEWITT, Deceased, and the CORN EXCHANGE BANK TRUST COMPANY, as Executors of and Trustees under the Last Will and Testament of HARRY B. PEACE, Deceased, HARRY B. PEACE, JR., an Infant, by FRANK L. STILES, His Special Guardian, and VIRGINIA A. PEACE, GLORIA H. PEACE, GEORGE LAWRENCE TRAPP and MADGE IRENE TRAPP, Infants, by AL. J. D'AURIA, Their Special Guardian, Respondents.— Proceeding for the judicial settlement of the account of trustees. The court is of the opinion that the trusts set forth in paragraph " Seventh " of the will of Belle L. Shaw, widow of Harry B. Peace, deceased, for the benefit of the children of her son, H. Ward Peace,

are void as to the estate over which she had the power of appointment because of the partial failure of such power of appointment (*Matter of Horner*, 237 N. Y. 489, 500), and the property involved therein is to be disposed of according to testator's will as if it were real property as to which the said Harry B. Peace had died intestate. As a result the appointive estate of Belle L. Shaw will go to her son, H. Ward Peace, father of said children. Under such circumstances equitable considerations require that the appointive estate bear the burden of legacies amounting to $19,000; debts, $1,119.50; commissions, $1,500; attorneys' fees, $3,000; miscellaneous, $50; estate taxes, $3,995.03; total, $28,664.53. (*Fargo* v. *Squiers*, 154 N. Y. 250.) There was a charge for legal services rendered from September 30, 1925, to September, 1935, amounting to $1,500. Of this, $500 were charged against appellant. It appears that he received one of the quarter interests in the estate when he reached thirty-five, which was five years before the accounting period. The amount of the charge for legal services as to him should be reduced by $250, and the balance charged equally against the two remaining interests, of which appellant holds one. The decree of the Surrogate's Court of Queens County is modified in accordance with the foregoing views and, as so modified, unanimously affirmed, with costs to all parties filing briefs, payable out of the estate of Harry B. Peace, deceased, and the matter remitted to the Surrogate's Court for the entry of a decree accordingly. The order denying appellant's application for an allowance of counsel fee is unanimously affirmed, without costs. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ. Settle order on five days' notice.