In the Matter of the Estate of JOSEPH J. SLOCUM, Deceased.

Surrogate's Court, New York County, March 23, 1948.

*Robert D. Elder* and *William H. Welsh* for Central Hanover Bank and Trust Company, as substituted trustee under the will of Joseph J. Slocum, deceased, and others, petitioners.

*Lawrason Riggs* and *Enos Throop Geer* for Sherman Flint and others, as executors and trustees under the will of Margaret O. Flint, deceased, and another, respondents.

*Francis B. Hamlin* and *Vincent W. Farley* for Chase National Bank of the City of New York, as sole surviving executor of Herbert J. Slocum, deceased, respondent.

*Alfred Ely* and *James Morrow* for American Security and Trust Company, as executor of Stephen L'H. Slocum, deceased, respondent.

*William Saxe* and *Seymour D. Altmark* for Margaret O. F. Proctor, respondent.

COLLINS, S. The testator created a trust for the life of his daughter and gave to her " full power and authority to dispose of the principal of said trust fund to and among her issue her surviving in such shares and proportions and upon such further trusts and conditions as she may deem proper by her last will and testament." The daughter died on August 2, 1946, a resident of Washington, D. C. Her will which was probated there made no mention of any power of appointment. It created certain trusts. The accounting trustees ask the court to determine whether the power of appointment was exercised and, if so, the validity, nature and extent of the exercise of the power.

It is conceded that the exercise of the power of appointment is governed by the law of New York. (*Matter of New York Life Ins. & Trust Co.* [*Philbrick*], 209 N. Y. 585, 586; *Chase Nat. Bank* v. *Chicago Title & Trust Co.*, 246 App. Div. 201, 205, affd. 271 N. Y. 602.) Under the terms of section 18 of the Personal Property Law, property embraced in the power passes by a will purporting to dispose of all the property of the testator " unless the intent, that the will or testament shall not operate as an execution of the power, appears therein either expressly or by necessary implication."

There can be no doubt that the will of the donee operated to dispose of all of her own property, and that it does not expressly negate an intention to exercise the power. The first question that is presented is whether the intention *not* to exercise the power appears by necessary implication. It is argued that the donee's will bequeathed her property to persons who were not the objects of the power and that such gifts indicate an intent that her will was not to operate as an exercise of the power. The court holds that there is no basis for implying an intention that the will was not to operate as an exercise of the power. Under such circumstances, the statute steps in and sends the property subject to the power in the same direction that the testatrix sent her own property. (*Lockwood* v. *Mildeberger,* 159 N. Y. 181.)

At the time the donee executed her will, her father was still living and the power of appointment had not yet been conferred on her. Whatever inference of an intent not to execute a power might logically be drawn from the fact that a donee with full knowledge of the existence and limitations of a power had bequeathed her own property to persons not within the scope of the power, no similar inference can be made where it does not appear that the donee had any knowledge of the existence of the power. Under such circumstances even if part of the donee's property had been given to persons not within the scope of the power, that fact would not give rise to a necessary implication that the power was intended not to be exercised. (*Matter of Davis,* 186 Misc. 397, 401–402, Shientag, J.) The further fact that the donee made a recent codicil to her will is not sufficient to support an implication of intent that the will does not operate on the appointive property. The codicil makes no dispositive provision except to shorten the duration of one of the trusts and furnishes no basis for an implication of an intent to let the power lapse.

Even if the donee had been aware of the possibility of the power of appointment and was familiar with its limitations, the beneficiaries under her will are not so clearly outside the objects of the power as to indicate a deliberate intent on her part not to exercise the power. She might even under such circumstances have been persuaded, as are some of the learned counsel here, that all appointments were in all respects valid.

The will of the donee accordingly operates as an exercise of the power of appointment and it becomes necessary to determine the validity and extent of the appointments.

The fifth paragraph of the donee's will creates a trust for the benefit of her *husband* during his lifetime with the remainder payable to her daughter, Margaret Olivia Flint, " or in the event that she shall then be dead, to her issue in equal shares." The donor empowered his beneficiary to appoint " to her issue her surviving." The court holds that the appointment in the fifth paragraph is in excess of the power and is ineffective. The remainder is contingent and cannot be accelerated. Accordingly, one third of the appointive property passes under the alternative provisions in the will of the donor.

The donee was survived by only one child, Margaret Olivia Flint, who was living at the time of the testator's death. His will operates to give one half of the unappointed fund outright to his granddaughter and to continue the other half in trust for her. It is urged that the alternative disposition under the donor's will is invalid for the reason that, viewed as of the time of his death, there existed the possibility that trusts would be continued during the lives of later born children of the donee. In *Matter of Fairchild* (N. Y. L. J., Feb. 9, 1948, p. 507, col. 7) this court considered at length a substantially similar argument. For the reasons there stated the court holds that one sixth of the appointive property (being one half of the one third not validly appointed) is payable to Margaret Olivia Flint Proctor and one sixth is to be held in trust for her as directed in the will.

The sixth paragraph of the donee's will sets up all the rest of her property in trust for her daughter. The trust is valid because the donee is expressly authorized to appoint " upon such further trusts and conditions as she may deem proper " and the trust is for the life of the daughter who was in being at the testator's death. The trust is to terminate five years after the death of the donee and at that time the daughter will receive all of the property constituting the trust. This child is one of the objects of the power and thus far the appointment is unquestionably valid.

The dispute respecting the validity of this appointment arises out of a further provision which would become operative upon the death of the donee's daughter during the trust term. In such event the trustees are directed " to assign, transfer and deliver the aforesaid property as she may by her last will and testament provide and direct, and in case she shall die intestate, to assign, transfer and distribute the same among her issue, share and share alike, such issue taking per stirpes and not per capita." It appears to be assumed by the parties that the grant

of a general power of appointment to the donee's daughter was ineffective. It is also assumed that the power to appoint to the issue of the donee " her surviving " does not permit an appointment to issue of her daughter because no issue of the donee's daughter were in being at the donee's death.

There is authority for the view that in the absence of a contrary intent by the donor, a donee of a special power of appointment can effectively exercise it by creating a general power in an object of the special power. (Restatement, Property, § 359.) Here, however, the will furnishes the solution and it is not necessary to resort to general principles of law. The will of the donor expressly authorizes an appointment in trust for the benefit of issue of the donee. Since the donee could appoint only among her issue " her surviving ", it is obvious that there existed the possibility that her issue " her surviving " would not be living at the termination of " such further trusts " for their benefit. The appointment upon trust for an object of the specific power is within the express terms of the power and the grant of a general power of disposition to the beneficiary is an appointment to the beneficiary of a valuable interest approximating ownership of the property and is within terms of the power necessarily to be implied. The court, therefore, holds that the continuance of the trust for the donee's daughter and the grant of the general power of disposition to her are within the terms of the power created by the testator. As respects two thirds of the appointive property the power was to this extent effectively exercised by the donee.

It is not necessary to determine now what becomes of the property in the event that the daughter dies within the five-year period and makes no effective appointment of the fund. The probability that such contingencies will happen is remote and the questions are presently academic.

The accounting trustee asks that it be authorized to retain 50% of the principal of the trust pending final determination and payment of possible Federal estate taxes upon the estate of the donee. The parties are in disagreement as to the tax liability of the donee's estate and as to the petitioner's duty to hold funds to meet the liability in that estate. This court has no jurisdiction over the personal estate of the donee. Of the property of the donor which is here accounted for only a small portion is presently distributable. The secondary trusts of the appointive property must be administered under the jurisdiction of the courts of this State. The fiduciaries appointed

by the donee must qualify in the estate of the donor and must administer the trusts in this estate. (*Matter of Walbridge,* 178 Misc. 32, 39; *Matter of Bradford,* 165 Misc. 736, affd. 254 App. Div. 828; *Matter of Walker,* 53 N. Y. S. 2d 102, 105; *Matter of Phelps,* 45 N. Y. S. 2d 621, 624.) The fund will, therefore, continue to be under the supervision of this court during the period when the tax liability is unsettled.

The application of petitioner for authority to retain 50% of the fund is denied.

The proceeding is dismissed as against the Collectors of Internal Revenue. The only purpose of making them parties herein is to attempt to control the taxing authorities in the discharge of their official duties in respect of assessing and collecting estate taxes. This court has no jurisdiction over them in such a suit. (*Wilson* v. *Wilson,* 141 F. 2d 599.)

Submit decree on notice construing the will and settling the account accordingly.