Maximilian Moss, S.
Testatrix’ will established a trust for the benefit of her daughter with income payable to her during her lifetime and with power to' appoint the principal upon her death. Without specific mention of the power, the daughter, a resident of Connecticut, gave, devised and bequeathed her residuary estate upon a further trust to terminate at the expiration of three new lives. The latter provision suspends the power of alienation for a period longer than is permitted under section 11 of the Personal Property Law and section 42 of the Real Property Law. The court, therefore, holds that there was no valid or effective appointment of the principal of the trust. The court further holds that under the will of the donor of the power the intention expressed therein is to give, devise and bequeath the appointive fund to the surviving issue of the donee in default of a valid or effective appointment by the donee. (Matter of Terwilligar, 135 Misc. 170, affd. on opinion below 230 App. Div. 763, motion for leave to appeal denied 230 App. Div. 846; Matter of Peace, 259 App. Div. 838; Low v. Bankers Trust Co., 270 N. Y. 143; Montague v. Dexter, 111 Misc. 380; Pross v. Anson, 58 N. Y. S. 2d 26; Matter of Slocum, 192 Misc. 1026; Matter of Phelps, 45 N. Y. S. 2d 621; Matter of Van Hoesen, 67 N. Y. S. 2d 503; Matter of Hellinger, 83 N. Y. S. 2d 10.) The will is so construed. Settle decree on notice.