S. Samuel Di Falco, S.
Petitioner, as sole surviving trustee under Ms mother’s will, instituted this proceeding to determine the validity of a release and relinquishment of a general power of appointment. In said will the mother, among other bequests, set up trusts out of her residuary estate in favor of her children, with each having a general power of appointment as to the remainder.
The will made in 1910 was admitted to probate in this court in 1912. In due course the trusts were constituted.
Under the provisions of section 403 of the United States Revenue Act of 1942 (56 U. S. Stat. 942), as amended by section 505 of the Revenue Act of 1943 (57 U. S. Stat. 150), the property which was the subject of the respective powers, would have become taxable in the donee’s estate. The act provided for a grace period during which the donee of the power might release the same and thereby avoid the possibility of Federal estate tax liability to his own estate, with respect to this particular property. To bring about this result, it appears that three donees, all brothers, executed releases.
In 1943 one brother sent a sample of his release referring to the power set forth as to him in paragraph “ eighteenth ” to the donee of the power set forth in paragraph “ sixteenth ”. The latter executed a power, delivered and filed same, all in accordance with section 183 of the Real Property Law (L. 1943, ch. 476). Inadvertently, the name in the sample was changed, but the donee Julian B. Clark in his release of the power, referred to paragraph “ eighteenth ” of his mother’s will, when, in fact, it was paragraph ‘ ‘ sixteenth ’ ’ that contained the provision for him.
The court is first presented with the problem of jurisdiction. Julian B. Clark died in the State of Vermont in 1958. The bequest in paragraph “ sixteenth ” of his mother’s will passes, upon failure to appoint to his two children as set forth in said will: “ such persons, as shall then constitute his heirs at law, according to the laws of the State of New York, as in the case of inheritance of real property”. The court will take jurisdiction of this proceeding. In Matter of Walbridge (178 Misc. 32, 37) Surrogate Foley said: “ the property now accounted *58 for. is not the property of the donee but of the donor and must remain the property of the donor until it absolutely vests in some person or corporation. A donee with a power to appoint by will is a mere agent of the donor. Until absolute vesting the property remains subject to the jurisdiction and control of the courts of the domicile of the donor. (Matter of New York Life Ins. & Trust Co., 139 N. Y. Supp. 695; affd., 157 App. Div. 916; affd., 209 N. Y. 585; Bishop v. Bishop [257 N. Y. 40], supra; Matter of Harbeck [161 N. Y. 211], supra; Matter of Wadsworth, 250 App. Div. 11; affd., 275 N. Y. 590; Matter of Rogers, 249 App. Div. 238; 250 id. 26; Hirsch v. Bucki [162 App Div. 659], supra; Matter of Bradford, 165 Misc. 736; affd., 254 App. Div. 828; Matter of Crittenden, N. Y. L. J., May 3, 1941, p. 1959; Matter of Harriman [124 Misc. 320; affd., 217 App. Div. 733], supra.)
“ The necessity for retention by this court of jurisdiction and control over the appointive fund until absolute vesting is graphically illustrated by the decision of Surrogate Fowler in Matter of New York Life Ins. & Trust Co. (supra), and the affirmance of that case by the Court of Appeals. ’ ’
The court is asked to reform the instrument executed by the donee, Julian B. Clark on June 21, 1943, by ordering a change therein and substituting the word “sixteenth” for ‘1 eighteenth ’ ’. The donee is now dead. Courts of equity have rarely assumed to exercise their jurisdiction, so as to make a new will or a new agreement and to substitute words therein. Carelessness of a scrivener and mistakes in words or descriptions are best corrected by a construction of the instrument in question to give effect to the plain intent of the decedent, rather than by reformation. (Matter of Coughlin, 171 App. Div. 662, affd. 220 N. Y. 681.) Beformation would be possible were the said donee alive. The same result can be accomplished here by construction. (Union Trust Co. v. Boardman, 215 App. Div. 73, affd. 246 N. Y. 627.)
Construing the release in question it is ruled upon the uncontroverted evidence presented in the form of copies of releases and correspondence in connection with its execution that the donee clearly intended to release the general power of appointment in Ms favor created by paragraph ‘ ‘ sixteenth ’ ’ of his mother’s will. The inadvertent use of “eighteenth” in said release is clearly a typographical error. The deceased donee could not have released any power contained in paragraph “ eighteenth” because said paragraph contains no such power in his favor. Words only express intent. Where the intention is clear particular words may be disregarded,
*59 The estate has already been distributed to two surviving children of the donee in accordance with the mother’s will. This distribution is approved.
The taking of testimony at a hearing herein is unnecessary. Since pursuant to section 76 of the Surrogate’s Court Act, “ a petition * * * shall be due proof of the facts therein stated, unless controverted by answer, objection, or other proof.”
Submit decree accordingly.