In the Matter of the Application of CELESTINE A. THOMSON to Compel Accounting by Lawyers Trust Company, as Successor Trustee under a Trust Created by CELESTINE A. BURCHELL.

FRANK P. NOHOWEL, as Executor of CELESTINE A. GARDNER (Formerly CELESTINE A. BURCHELL), Deceased, Appellant; CELESTINE A. THOMSON et al., Respondents.

First Department, June 12, 1951.

*Frank P. Nohowel,* in person as executor, appellant.

*Walter M. Hinkle* of counsel (*Hardin, Hess & Eder,* attorneys), for Celestine A. Thomson, Josephine M. Burchell, Janet Burchell, Joan Burchell and Josephine Burchell, respondents; *Robert N. Errington* for John A. Burchell, respondent.

*Guy O. Walser* of counsel (*Howard J. Grace* with him on the brief; *Robbins, Wells & Walser,* attorneys), for First National Bank and Trust Company of Bay Shore, N. Y., respondent.

VAN VOORHIS, J. This appeal involves a construction of the will of Celestine A. Gardner made in 1943 as an exercise of her power of appointment over assets in a trust created by her under an indenture in 1891. The final order here under review judicially settles the accounts of the successor trustee under the indenture in such manner as to dispose of none of the trust assets as directed in the will except by the valid portions of the residuary clause. At the time of testatrix' death, her individual estate amounted to approximately $5,000 and a house in Florida; it was even smaller when her will was executed. The will contains a specific devise of the house in Florida to one of her daughters, plus general legacies of about $50,000 to or for the benefit of her husband, children and grandchildren, and attempts to dispose of the residuary estate in various trusts, some of which have been held to be invalid (*Matter of Gardner,* 272 App. Div. 1064). The preamble of the will recites that

testatrix is, "intending to dispose of all my property of whatsoever kind and nature, upon my death". She must have known that unless the assets of her 1891 trust were to be drawn upon in order to fulfill these bequests, they would fail, almost entirely. Section 18 of the Personal Property Law provides: "Personal property embraced in a power to bequeath, passes by a will or testament purporting to pass all the personal property of the testator; unless the intent, that the will or testament shall not operate as an execution of the power, appears therein either expressly or by necessary implication."

The disparity between her individual estate and her testamentary gifts was so great, both when her will was executed and when she died, that she must have intended that her bequests should be met out of the assets of the *inter vivos* trust under her power of appointment.

There could hardly be question concerning this, except for the mention of this power of appointment in the residuary clause in the will. The residuary clause contained in paragraph Twelfth disposes of "All the rest, residue and remainder of my estate, both real and personal of whatsoever kind and nature, and wheresoever situated, of which I may die seized or possessed or entitled at time of my decease, including all the property which I may have a power of disposition of, or which may or might pass under the terms of my Will, and the property which I have the power of disposing of under and by virtue of the trust deed or deed of appointment made or to be made by me under a certain deed of trust heretofore executed by me on or about June 22nd, 1891, and the confirmation thereof dated August 8th, 1899".

It could hardly have been the purpose of testatrix by this clause, as has been held at Special Term, to give all of the assets of her *inter vivos* trust to her residuary legatees, thus allowing her prior bequests to fail. A residuary clause, by its very nature, is ordinarily intended to dispose of what is left after making provision for prior gifts. The prior bequests, in this instance, consisted of enough in trust to produce an income of $1,200 per annum to be paid to her husband during his lifetime, and $11,000 in cash to children and grandchildren, $300 to the cemetery and $500 to an intimate friend. Only the "rest, residue and remainder" after making these gifts was to pass to her residuary legatees under the twelfth paragraph. This clearly referred to the rest, residue and remainder of the corpus of her *inter vivos* trust after payment of prior legacies, as well as to the insignificant amount of personal property to

which she held absolute title. If it referred only to her individual estate, no residuary clause would have been necessary since all that she held in her own name would have been exhausted in paying but a small fraction of her prior bequests. (*Matter of Lynn*, 261 App. Div. 513, affd. 287 N. Y. 627; *Fargo v. Squiers*, 154 N. Y. 250.) This *inter vivos* trust estate, as has been said, comprised substantially all of the personal assets over which she had power of testamentary disposition. She did not intend that her house in Florida should be charged with these bequests, which was specifically devised to a daughter. The conclusion to be drawn is that the entire will was deemed by testatrix to be an exercise of her power of appointment under the trust indenture, manifesting an intention correctly interpreted and rendered effectual by section 18 of the Personal Property Law, which provides that personal property embraced in a power to bequeath passes by a will purporting to pass all the personal property of the testator, unless a contrary intent appears expressly or by necessary implication. The circumstance that she referred to this power of appointment in her residuary clause does not imply a contrary intention, nor amount to a direction that the trust assets shall be disposed of only under the residuary clause. What she gave was the rest, residue and remainder of all that she had "including all the property which I may have a power of disposition of, or which may or might pass under the terms of my Will, and the property which I have the power of disposing of under and by virtue of the trust deed". The property over which she had power of appointment under this trust deed of 1891 amounted to everything over which she had testamentary power of disposition apart from her small individual estate. The thought in her mind was evidently that, except for the real estate specifically devised, she had practically nothing to dispose of by will except the trust estate, that her whole will was in execution of the reserved power of appointment, and that by the twelfth paragraph she was merely giving away what remained of everything over which she had power of disposition after satisfying the preceding bequests. The conjunction "and" immediately before mention of the property subject to her power of appointment under the trust deed indicates no contrary intention. The word " and " is not used in juxtaposition to " All of the rest, residue and remainder of my estate ", but to the words " including all the property which I may have a power of disposition of, or which may or might pass under the terms of my Will ". She wanted to leave no doubt that the corpus of the *inter vivos*

trust was covered by the designation of " all the property which I may have a power of disposition of, or which may or might pass under the terms of my Will " which, in turn, she expressly stated was included in her gifts of " All the rest, residue and remainder of my estate ".

If all of the testamentary trusts were valid that testatrix attempted to create by the residuary clause in her will, there is little likelihood that her will would have been construed so as to result in the failure of prior bequests by the application of the entire corpus of the *inter vivos* trust to the gifts under the residuary clause. For the purpose of testing the validity of her testamentary disposition of assets of the *inter vivos* trust, her will and the trust indenture have to be read together as though they were one instrument (*Bishop* v. *Bishop,* 257 N. Y. 40, 51). Consequently, suspensions of the power of alienation by the will during the lives of persons not in being in 1891 when the *inter vivos* trust was created, have been held to be invalid in passing assets of the trust estate. Some portions of the residuary clause in the will have also been held to be invalid with respect to assets of either estate, inasmuch as they purport to create trusts for the duration of more than two lives in being even with regard to testatrix' individual property. (*Matter of Gardner,* 272 App. Div. 1064, *supra.*) Although it is stated in the memorandum decision by the Second Department in that case that " Testatrix died intestate as of her death with respect to assets of either estate which remain undisposed of because of the falling in of the invalid trusts," the decision does not purport to go beyond a determination of invalidity of those portions of the will. That decision does not determine whether assets of the 1891 trust estate which are not legally disposed of under the will pass by intestacy as part of testatrix' individual estate, or pursuant to direction in the 1891 trust indenture (in default of valid exercise of the power) to " the heirs at law and next of kin " of the settlor " in the same manner and in the same proportions as if she the said party of the first part had died seized and possessed thereof and intestate."

The 1891 trust agreement has been held to have created a remainder rather than a reversion in testatrix' distributees (*Matter of Burchell,* 299 N. Y. 351).

We conclude that the entire will of Celestine A. Gardner, and not merely the residuary clause, wrought an exercise of the power of appointment contained in the 1891 trust agreement insofar as necessary to carry into effect the valid dispositive

provisions of the will. Except insofar as necessary to draw upon assets of said trust to pay valid bequests in the will, the corpus of the trust passes to testatrix' distributees under the trust indenture by virtue of its provisions disposing of the remainder in default of the exercise of power of appointment. None of the assets of the 1891 trust pass through testatrix' estate as in intestacy. She left no estate which could descend by intestacy to her surviving husband, Horatio S. Gardner, except for the exercise by him of his election to take against the will pursuant to section 18 of the Decedent Estate Law, but his right to take the equivalent of his intestate share in consequence of such election extends only to testatrix' individual property and not to any assets derived from the trust estate created by her indenture in 1891. This result necessarily follows, inasmuch as in computing the equivalent of his intestate share for the purposes of section 18 of the Decedent Estate Law, property over which testatrix had power of appointment cannot be considered, since such power does not constitute " estate " possessed by the donee within that section (*Matter of Rogers,* 250 App. Div. 26). Thus even to the extent that her exercise of this power was valid, her testamentary gifts of assets of the *inter vivos* trust could not be reached by her husband by his election to take against the will; to the extent that assets of the trust were not validly disposed of under her will, they passed to her distributees under the Court of Appeals decision as the remainder under her trust agreement, and never became part of her individual estate. There is nothing except her individual estate to which his election under section 18 of the Decedent Estate Law can attach.

The final order appealed from should be modified in accordance with this opinion, and as so modified affirmed, with costs to appellant and respondents payable out of the fund. ·

Dore and Callahan, JJ., concur; Peck, P. J., and Shientag, J., dissent and vote to affirm.

Order modified in accordance with the opinion herein and, as so modified, affirmed, with costs to the appellant and the respondents payable out of the fund. Settle order on notice.