Joseph A. Cox, S.
The thirteenth article of the decedent’s will created a trust of one fifth of her residuary estate for the benefit of her nephew Cleveland C. Yott. The testatrix directed that upon the death of her nephew the trust principal be paid to such persons and in-such proportions as he might direct by his will. The nephew survived the testatrix and died testate. His will, admitted to probate in Queens County, directs the payment of his debts and funeral expenses, bequeaths general legacies in a total amount of $9,750 and bequeaths his residuary estate in equal shares to four residuary legatees.
The second article of the nephew’s will bequeaths one of the general legacies in the language following: “I hereby give, devise and bequeath to Rev. Eugene J. Erny, of 94-20 160th Street, Jamaica, New York, the sum of Six Thousand ($6,000.00) Dollars, to be his absolutely and forever, for the many kindnesses he has extended to me, and I direct that in the event I leave insufficient real or personal property with which to pay said sum - to said Rev. Eugene J. Erny, then in that event I direct that said sum be paid to him out of the principal of the trust fund created for my benefit under the Last Will and Testament of my aunt, Emily S. Dodge, probated in the Surrogate’s Court, New York County, December 19, 1928, and under which I am at liberty to dispose of by my Last Will and Testament. ’ ’
The first paragraph of the residuary provision of the nephew’s will reads: 1 ‘ Seventh. All the rest, residue and remainder of my property, of whatsoever kind and nature, and wheresoever the same may be situate, óf which I may die seized or possessed or to which I may be entitled at the time of my death, including any and all of the balance of the principal of the trust fund created for my benefit under the Last Will and Testament of my aunt, Emily S. Dodge, probated in Surrogate’s Court, New York County, December 19, 1928, and under which I am at liberty to dispose of by my Last Will and Testament, I hereby dispose of as follows: ”.
The nephew of the testatrix was the donee under her will of a general power to appoint the remainder of the testamentary trust of which he was the income beneficiary and it is beyond dispute that he exercised this power in his own will. The latter instrument is deemed to be read into the will of the donor of the power, inasmuch as the donee’s exercise of the power of appoint *309 ment is a. disposition of property of the testatrix and not of property of the donee (Matter of New York Life Ins. & Trust Co., 139 N. Y. S. 695, affd. 157 App. Div. 916, affd. 209 N. Y. 585; Bishop v. Bishop, 257 N. Y. 40; Matter of Harbeck, 161 N. Y. 211; Matter of Gray, 176 Misc. 829, affd. 266 App. Div. 732, affd. 292 N. Y. 532; Matter of Walbridge, 178 Misc. 32) and this court, having jurisdiction of the donor’s estate, is required to determine the operation and effect of the exercise of the power.
An issue arises in this proceeding not because of any failure to exercise the power of appointment or by reason of any invalidity resulting from its exercise but because of questions raised as to the intention of the donee. It is alleg'ed by the accounting trustee and by the executor under the will of the donee that the assets of the donee are not only inadequate to permit payment of general legacies but are too meagre to meet his debts and funeral expenses and, for such reason, the court is asked to determine whether the appointed property may be resorted to for the purpose of making any or all of these payments.
The second article of the donee’s will, quoted above, is a plain direction that, in the existing circumstances, resort may be had to the appointed property for the purpose of paying the legacy provided in that article. While the will is silent as to the source of the funds required to pay other general legacies and, in the absence of facts indicating a different intention, it would be assumed that such legacies would be paid from the assets of the donee, there is basis in reason for concluding that the donee intended all legacies to be paid from the appointed property. Such conclusion is supported by precedent.
Matter of Lynn (261 App. Div. 513, affd. 287 N. Y. 627) was a holding that the will of a donee of a power of appointment was an effective exercise of the power despite the fact that the will lacked an explicit reference to the power, that application of section 18 of the Personal Property Law required such a result and that this statute is not to be interpreted as requiring the appointed property to be disposed of only in accordance with the provisions of the residuary clause of a will. In the cited case, as here, the amount of the bequests in the will far exceeded the value of the testator’s property and the court found from such circumstance an intention on the part of the testator that the appointed property be availed of for the purpose of paying legacies to the extent to which his own property was insufficient to make full payment to the legatees.
Consistent with the reasoning of the Lynn decision, it was later held that the explicit exercise of a general power of appointment in the residuary clause of a will which provided testamentary *310 gifts far in excess of the decedent’s personal means did not limit the disposition of the appointed property to the residuary legatees but instead evidenced a testamentary purpose to exercise the power by the entire will with the result that the appointed property could be drawn on to fulfill the preresiduary bequests. (Matter of Burchett [Gardner], 278 App. Div. 450.)
If there is basis for reaching a different conclusion in the case at bar it could find support only in the text of the second article of the donee’s will. It is arguable that the preference there granted is expressive not only of an intention that the legatee there named be paid from the appointed property, if necessary, but that this legacy alone be so favored and other general legatees be denied resort to the appointed fund. Such contention must be premised upon a reading of the second article out of context and in disregard of the testamentary scheme as a whole since it is apparent that all the general legacies were in recognition of close friendships or blood relationships while the residuary bequests can be regarded as of secondary importance to the testator. Half of the residuary is given to augment the legacy under the second article of the will to the particularly favored legatee but it must be borne in mind that the testator realized that the residuary was subject to diminishment pursuant to his directions in the second article. One fourth of the residuary is bequeathed to a person normally to be regarded as a natural object of bounty but described by the testator in disparaging terms. The remaining one fourth is bequeathed to a daughter but neither the amount of this gift nor the failure to name the daughter as a substitutionary legatee of other bequests is indicative of a desire to particularly benefit this child. The inference to be drawn from a reading of the entire will is that the testator regarded the general legatees as primary beneficiaries and consequently there would seem to be no justification for deferring their legacies to the residuary bequests.
The conclusion reached is that the entire will of the donee of the power of appointment, not only the residuary provision of that will, effected an exercise of the power and that the general legacies are to be satisfied from the appointed property to the extent that the assets of the donee are inadequate for such purpose. (Matter of Burchell, supra; Maynard v. Maynard, 108 Misc. 362; Matter of Bankers Trust Co., 48 N. Y. S. 2d 849; Matter of Glorney, 109 N. Y. S. 2d 898.)
Controlling authorities have held that a general power of appointment does not permit the property of the donor to be employed for the payment of the donee’s creditors in the absence of a testamentary direction that the appointed property be so *311 used. (Hirsch v. Bucki, 162 App. Div. 659; Cutting v. Cutting, 86 N. Y. 522.) Accordingly it has been held that appointed property cannot be charged with the funeral expenses, the administration expenses of the estate or the debts of the donee. (Matter of Palmer, 127 Misc. 782; Matter of Norton, 122 N. Y. S. 2d 705; cf. Matter of Bray, 120 N. Y. S. 2d 131.) The rule was stated in Farmers’ Loan & Trust Co. v. Kip (192 N. Y. 266, 283) where the court said: “ The general rule is that the testator’s personal estate, which the will does not otherwise dispose of or exempt, constitutes the natural and primary fund for the payment of legacies as well as of debts. (Bevan v. Cooper, 72 N. Y. 317.) This rule is controlling unless the will, either in express terms or by necessary implication, discloses a different intention on the part of the testator. (Harris v. Fly, 7 Paige Ch. 421.) ” The foregoing was referred to and approved in Low v. Bankers Trust Co. (270 N. Y. 143,150; see, also, Matter of Adler, 193 Misc. 19). The necessity that, in order to impose the testator’s debts upon appointed property, there be a declaration of such intent in his will was stated in Kirsch v. Bucki {supra, p. 671) where the court held that a general direction to pay debts did not denote such an intent and in fact is a superfluous provision, a simple statement of what the law compels and, as such, adds nothing to the meaning of the will. It would seem that in the instant situation the direction for payment of debts can have no greater force.
There is in this will no merger of the appointed estate with the assets of the donee as in Matter of Camp (64 N. Y. S. 2d 755 and the authorities there cited). Here the appointed fund is to be resorted to only to the extent required to meet any deficiency that may exist by reason of the inadequacy of the donee’s assets (Matter of Burchell, supra).
While the holdings that property appointed under a general power is in equity available for the payment of creditors of the donee, if his own estate is insufficient for such purpose, are said to represent the weight of judicial authority in this country, the doctrine has been subjected to much judicial disapproval and criticism. (Rhode Is. Hosp. Trust Co. v. Anthony, 49 R. I. 339.) The New York courts have taken a contrary view from the time of Cutting v. Cutting (supra) where it is apparent that the court reached for the result there obtained by holding that the equity rule lacked a rational ground and that a statutory provision (Real Property Law, § 149), applicable to a quite distinct legal relationship, permitted a departure from the equity principle which theretofore had been accepted generally. The principle established by the Cutting case and the later decisions following the ruling therein made do not permit this court to speculate as *312 to the intention of the donee herein with regard to payment of his creditors and in the absence of some testamentary expression providing a basis for paying creditors from the appointed fund it may not be so utilized.
The assets of the donee of the power are to be used for the payment of administration expenses, funeral expenses and creditors, in that order and to the extent possible. The appointed property is to be drawn on insofar as necessary to pay the bequests in the donee’s will, with preference being given to the bequest under the second article of the will.
The foregoing rulings dispose of the construction issue raised in the petition herein and also of certain issues raised in the form of objections. A date for the hearing of other objections to the account of the trustee will be fixed and the parties appearing in this proceeding will be notified.
Allowances pursuant to section 278 of the Surrogate’s Court Act, will be fixed at the time of the settlement of a decree.
Proceed accordingly.