S. Samuel Di Falco, S.
This is a proceeding for the settlement of the account of the trustees of a trust created under the will of the decedent for the life benefit of her son to whom she also gave a general testamentary power of appointment over the principal. He died August 30, 1958 some 25 years after the *180 death of the testatrix and in his will which was admitted to probate in California he exercised the power by appointing’ the fund in further trust for his wife for life subject to the payment of an indebtedness of $12,500 to his sister to whom he bequeathed the remainder upon his widow’s death. He named as his executor and trustee the First Western Bank & Trust Company, a California corporation which cannot qualify as successor trustee under the will of the testatrix in this jurisdiction. (Banking Law, § 131.)
The first of the questions submitted for determination is framed by the objections of the bank as executor of the son’s estate calling upon the court to direct transmittal of the appointive property to the objectant in the jurisdiction in which its testator had his domicile. The second involves the right of the accountants as trustees to commissions upon their payment of the principal of the fund to the successor trustee to be appointed in the mother’s estate to administer the trust and to discharge the indebtedness as directed in the will of the donee.
The objectant places its chief reliance upon the dictum of the Court of Appeals in Matter of Culver (294 N. Y. 321) as a basis for a direction that the donee’s will be made effective by the transfer of the principal of the trust to California and its employment in that jurisdiction as a general asset of his estate subject to the claims of creditors. As was pointed out by Mr. Surrogate Collins in his decision in Matter of Moyse (188 Misc. 1030) the only issue decided by the Court of Appeals in the Culver case was the construction of a contract entered into between the testator and the trustee concerning compensation for the services rendered in execution of the initial life estate. It was there held that performance of the contract on the part of the fiduciary was completed on the death of the primary income beneficiary and that statutory commissions were allowable thereafter in connection with the further administration of the fund which was appointed in trust to the same trustee by the donee. Nothing in the case points to the conclusion urged upon the court by the objectant here. Nowhere in the decision is there to be found any suggestion of a departure' from the doctrine long established in this State that “ an appointment under a power is to be read into the will by which the power was created and the instruments viewed as if the appointment had been there from the very beginning ”. (Matter of Moyse, supra, p. 1032.) Neither is there to be found any indication that the court even remotely contemplated the abandonment of the equally well-established rule to the effect that the court *181 having jurisdiction of the estate of the doner has exclusive jurisdiction to determine all questions arising out of the exercise of the testamentary power. (Bishop v. Bishop, 257 N. Y. 40; Hillen v. Iselin, 144 N. Y. 365; Matter of Moyse, supra and cases cited.) It is from this fact that it follows, as Judge Collins pointed out, that property subject to the exercise of a testamentary power of appointment can only be administered under the jurisdiction and supervision of the court having control over the donor’s estate which necessarily requires that the trustee named by the donee must qualify and administer the trust in the estate of the donor. (Matter of Walbridge, 178 Misc. 32; Matter of Bradford, 165 Misc. 736, affd. 254 App. Div. 828.) Since the executor and trustee named in the will of the donee here cannot comply with this requirement the application of the widow of the life beneficiary for the appointment of a successor trustee will be granted.
As an alternative to transmittal of the appointive property to the executor of the son’s estate the objectant suggests that there be reserved from the fund a sufficient amount of the principal to satisfy the claims of all of his creditors to be paid to them directly by the successor trustee acting in the mother’s estate by appointment of this court. It has been uniformly held that “ a general power of appointment does not permit the property of the donor to be employed for the payment of the donee’s creditors in the absence of a testamentary direction that the appointed property be so used.” (Matter of Dodge, 11 Misc 2d 307, 310-311; Hirsch v. Bucki, 162 App. Div. 659; Cutting v. Cutting, 86 N. Y. 522.) Such a direction is not to be implied from a general instruction for the payment of debts such as contained in the will of the donee here (Hirsch v. Bucki, supra) nor does this case in any way resemble Matter of Camp (64 N. Y. S. 2d 755) in which it was held that because the donee exercised the power in favor of her own executor the appointed property became a part of her own estate and as such subject to the claims of her creditors. No such appointment was made by the donee here and in light of the rules previously stated the application for the creation of a reserve of sufficient funds from the appointive property to satisfy the claims of the donee’s creditors is in all respects denied.
Submit decree on notice settling the account and appointing the designee of the secondary income beneficiary as successor trustee to administer the fund in accordance with the directions contained in the will of the donee.