Joseph A. Cox, S.
The testator bequeathed a portion of his estate in trust for the benefit of his widow and granted to her a general testamentary power to appoint the trust principal. The widow died, domiciled in Missouri, and exercised the power by a direction that the fund be continued in further trusts. Under Missouri law the trust principal so appointed was includible in the computation of Missouri inheritance tax payable by the estate of the donee of the power. The widow’s estate is said to be inadequate to pay the entire tax assessed against it and question has been presented as to the obligation of the donor’s estate to meet the deficiency.
This fact situation falls squarely within the long-established rule that the courts of this State will not enforce the revenue laws of another jurisdiction and that, in the absence of reciprocal agreement, one State will not aid in the collection of taxes due another (State of Colorado v. Harbeck, 232 N. Y. 71; Wayne County [Mich.] v. American Steel Export Co., 277 App. Div. 585; Matter of Matthews, 21 Misc 2d 356; Matter of Lamar, 15 Misc 2d 544). Section 249-t of the Tax Law, read alone or in conjunction with section 473.688 of the Missouri Revised Statutes (1959) is without application to the instant situation.
The donee of the power directed in her will that all estate and inheritance taxes be paid as her debts and this testamentary provision undoubtedly operated as a stipulation against the apportionment of estate or inheritance taxes. However, such provision as to the nonapportionment of taxes cannot be construed as a direction that the appointed property be applied in payment of the donee’s debts and, in the absence of such a testamentary direction, the appointed property may not be so used (Matter of Dodge, 11 Misc 2d 307; Matter of Eginton, 21 Misc 2d 179).
Proof is lacking as to any agreement on the part of the testator’s widow to waive commissions as a fiduciary in this estate and, absent such agreement, commissions are payable. The attorney’s fee is allowed in the reduced amount agreed to by stipulation placed upon the record of the hearing and approved at such time by the court.