Abraham N. Geller, J.
In this proceeding to settle the accounts of an inter vivos trust, the trustee has requested the court to determine the validity of the exercise of the power of appointment of the remainder interest of said trust by the donee of the power.
In 1952 the settlor, then a resident of this State, made this trust agreement providing for payment of net income for life to his niece Julia and that, upon her death “ the Trustee shall distribute the principal of the said Trust, together with any accrued income thereon, to such person, persons or corporations, other than and excluding the estate of the said Julia M. Ball, her creditors and the creditors of her estate, as the said Julia M. Ball will appoint in her last Will and Testament; and in default of such appointment,” distribution was to be made to the person's who would be settlor’s distributees under the law of the State of New York had he died immediately after Julia.
The purpose of settlor-donor in limiting the power of appointment by excluding the right to appoint to ‘ ‘ the estate of the said Julia M. Ball, her creditors and the creditors of her estate ” is clear. Under the Internal Revenue Code the estate of a donee of a general power of appointment is subject to estate tax with respect to the appointive fund, and a general power of appointment is therein defined as one 6 ‘ exercisable in favor of the decedent, his estate, his creditors or the creditors of his estate.” To save inheritance and estate taxes upon the death of Julia, he had made these explicit exclusions from the power of appointment conferred on her so that the power should be exercised as a limited, not a general, power for tax purposes. His clear intention was that this trust fund should not be subject to tax upon her death. He provided for an alternative distribution to his distributees in the event of “ default of such appointment ” (emphasis added). Any appointment attempting to exercise the power beyond its express limitations and which would be violative of doner’s intent must be held to be an unauthorized and invalid appointment and, as such, would constitute in effect a ‘ ‘ default of such appointment. ’ ’ Analogously, it was said in *86 Low v. Bankers Trust Co. (270 N. Y. 143, 148): “An illegal appointment is no appointment,”
Thus, if the power were to he exercised in such manner as to subject this trust fund to tax upon Julia’s death, that would be the precise result intended to be avoided by the settlor-donor. He therefore provided for an alternative distribution in the event of an appointment by her which might frustrate that purpose.
He died in 1955 a resident of Pennsylvania. His will provided for Julia a testamentary trust of one fourth of his residuary estate with a general unlimited power of appointment of the principal thereof. Julia died in 1963 a resident of Pennsylvania. After directing her executor to pay all her debts and funeral expenses and making several bequests of jewelry and tangibles (“ free and clear of all inheritance taxes ”), she declared in her will that it was her intention to exercise the power of appointment of the principal of the said inter vivos trust and of the s'aid testamentary trust and that she was exercising the same under the provisions of the residuary clause of her will. In paragraph Fifth of her will she gave “ all the rest, residue and remainder of my estate * *■ * and including specifically the said trust fund[s],” over which she had power of appointment, to The First Pennsylvania Banking and Trust Company [her executor] “ as trustee for the following purposes ”. The purposes enumerated were to pay numerous general legacies to named charities and individuals aggregating $370,000 and then to divide the “ balance ” of the residuary estate into three shares in trust for a niece and two nephews for life with power of appointment.
In paragraph Sixth she directed that all estate and inheritance taxes upon her gross estate for tax purposes “ shall be paid out of the principal of the residuary estate disposed of by item Fifth of my Will. * * * I do further provide that the above legacies contained in the residuary clause of my Will and set forth in paragraph Fifth hereof, shall similarly be free of all taxes, it being my intention that the said taxes shall be paid out of the residue of my residuary estate established after the payment of said legacies.”
In support of Julia’s exercise of the power with respect to the inter vivos trust it is urged that New York law, which governs the question of the validity of her exercise of the power, does not permit a blending of such funds with Julia’s own, probate estate; and that Julia manifested her intention as to such separateness by providing for payment of her debts by her executor and distribution of her residuary estate, “ includ *87 ing ” the trust funds, hy her executor “ as trustee.” Reliance is placed upon such cases as Matter of Norton (122 N. Y. S. 2d 705) holding that the word “ including ” as a term of enlargement does not negate separate treatment of donee’s own estate from the appointed property, and Matter of Dodge (11 Misc 2d 307) holding that a general direction to an executor to pay debts cannot in the absence of a specific declaration subject the appointed property to such liabilities, where donee’s own assets are insufficient to pay same.
Here, however, the “ balance ” of the residuary trust to be held in trust for Julia’s niece and two nephews (par. Fifth), resulting from the blending of her probate estate and the two appointive trust funds, was “ the residue of my residuary estate” (par. Sixth), which was specifically chargeable with the payment of all inheritance and estate taxes. The Estate Tax Regulations provide: “A power of appointment exercisable to meet the estate tax, or any other taxes, debts or charges which are enforceable against the estate, is included within the meaning of a power of appointment exercisable in favor of the decedent’s estate, his creditors or the creditors of his estate.” The estate tax payment clause in Julia’s will thus rendered this appointive fund itself subject to estate tax upon her death. That, of course, was what settlor-donor had sought to avoid by means of the exclusion in the power of appointment thereunder. Her estate tax payment clause did not distinguish between said trust fund and the funds of her probate estate and of the testamentary trust as if the draftsman was unaware of the exclusionary clause provided only for the inter vivos trust.
The attempted exercise of the power of appointment of this trust fund is deemed to be invalid and distribution is accordingly to be made as alternatively provided.