S. Samuel Di Falco, S.
In this proceeding, pursuant to SOPA
2310, the executors seek a payment on account of their commissions. Each of them asks $12,036.08 on account of the receiving commissions to which they would be entitled. They have cited persons interested in the residuary estate. One of them, the respondent, a son of the decedent, has filed an answer objecting to the payment of commissions to the petitioner Samuel Beil, a brother of the decedent, alleging that for a good and valuable consideration said executor entered into an agreement with the decedent that he would waive commissions. With respect to the commissions payable to both executors, it is alleged that commissions are not payable on those assets “ acquired ” by the executors by reason of the decedent’s exercise of a power of appointment of a marital deduction trust created- for her benefit in her predeceased husband’s will. The marital deduction trust amounts to approximately $320,000.
At the hearing the respondent sought to amend his answer for purpose of offering proof that the petitioner Beil willfully misappropriated property belonging to the estate and that this conduct on his part is sufficient ground for denying commissions. The petitioners ’ attorney pleaded surprise and this court denied the application to amend.
I find that there was no proof of any specific agreement with the testatrix in her lifetime on the part of the executor Beil to serve without compensation. The evidence adduced at the trial related only to a remark allegedly made by the executor Beil in a conversation with the respondent in the presence of the respondent and other witnesses at the decedent’s apartment after death to the effect that ‘ ‘ I can take whatever property I want because I have waived any fee in this estate ”. There was no proof offered of any agreement between the executor Beil and the decedent as to the question of commissions. Executor Beil denied any discussion of this question. In his behalf an attorney-relative of the decedent and a physician stated that the decedent mentioned to them that she was appointing her brother *460 as executor because she wanted to give him a sum of money. There is no statement in the will with regard to executor’s commissions or the waiver thereof. The respondent has failed to sustain the burden of proof.
It appears that the decedent in this case exercised her power by creating a further gift in trust to the petitioning executors as trustees.
On the question of commissions payable as to appointive property, the objection of the respondent is sustained. In his will the decedent’s husband directed that the trustees of a marital deduction trust pay over the principal of said trust upon the death of his wife ‘ ‘ in such manner, shares and proportions as my said wife may, by her Last Will and Testament, validly limit, direct or appoint ”. The residuary clause of this decedent’s will refers to property ‘ ‘ over which I may have any power of appointment ” and bequeaths that property to these executors as trustees ‘ ‘ to divide the same into three equal parts ’ ’. One trust is created for the benefit of her daughter, another trust for a son Stephen, and the third trust is for the benefit of this respondent. The question is whether these assets were merged with the other assets of the estate so as to make them subject to disposition by the petitioners as executors.
There was no merger in this case of the appointive property and the assets of the decedent’s estate. The court, in an appropriate proceeding in the donor’s estate, will give directions for payment of the appointive property, and it is not for this court in this estate and in this proceeding to anticipate such directions. However, it is patent and indisputable that the donee has appointed the property to her ‘ ‘ Trustees ’ ’ and for uses and purposes stated in her will. She did not appoint to her executors and she gave them no authority to receive or dispose of the property. The executors have no responsibility for such property and there are no executorial duties to be performed in connection therewith. Accordingly commissions are not to be computed on the appointed property. There is nothing in this will that indicates merger or blending was intended. (Matter of Eginton, 21 Misc 2d 179.)
The application for part payment of commissions is granted. Said commissions are to be computed in accordance with this decision, all without prejudice to the right of the respondent to object in the accounting proceeding or otherwise to the payment of commissions because of any alleged misconduct on the part of either of the fiduciaries. A refunding bond in the full amount of the commissions payable will be furnished at the expense of the petitioning executors pursuant to the provisions of SOPA *461 2310 (subd. 5). This bond will serve to protect the respondent and any others interested in this estate who can prove at any later stage in administration or any other proceeding that such misappropriation of property did in fact occur.