■ JOSEPH L. CHAMBERS et al., Respondents, v. ROBERT HINES, Appellant, et al., Defendants.— Judgment, Supreme Court, New York County, entered on May 12, 1971, after trial to a jury, unanimously reversed on the law, insofar as appealed from, without costs and without disbursements, and a verdict directed in favor of defendant-appellant Hines. If we did not direct a verdict, we would order a new trial as to defendant-appellant Hines, on the law and on the facts, as against the weight of credible evidence. The testimony given by Hines' passengers, the plaintiffs-respondents themselves, together with that of a disinterested witness, exculpated their driver. Concur — Markewich, J. P., Nunez, Kupferman, McNally and Eager, JJ.

■ CENTRAL STATE BANK, Appellant, v. P. G. M. COMPONENT SALES, INC., et al., Respondents.— No opinion. Concur — Markewich, J. P., Nunez, McNally and Eager, JJ.

■ In the Matter of the Estate of ESSIE DEL MONTE, Deceased. SAMUEL BEIL et al., Respondents, ROY D. DEL MONTE, Appellant.— Order, Surrogate's Court, New York County, entered on April 14, 1971, unanimously modified, on the law and in the exercise of discretion, to provide therein for an allowance, payable from the estate, to the attorney for the objectant respondent-appellant in the sum of $1,000 for his services in connection with the application of the executors petitioners-respondents for a payment on account of commissions, and otherwise affirmed, with $50 costs and disbursements, payable out of the estate, to all parties filing briefs. On this application by the executors for payment of commissions, the decedent's son objected to the amount sought, claiming that, as to certain assets which passed by virtue of decedent having exercised a power of appointment in her will, no commissions were allowable. The Surrogate sustained this objection for reasons based upon the will, and the applicants did not appeal from that ruling. The order which implemented the decision does not reflect this holding except that the amount of commissions requested was reduced. The order does not specifically allude to the effect of exercise of the power of appointment. Considering all the circumstances, it would be a useless gesture to tailor the order now, as requested, to set forth the Surrogate's ruling on this point, accepted as apparently it has been by all concerned. The other branch of the appeal is concerned with the Surrogate's refusal, in a separate opinion — again, not reflected specifically in the order — to make an allowance out of the estate to objectant's attorney, for services rendered in the proceeding, because it was "extrinsic to the will which required no construction." This is not so. The proceeding was decided entirely on the basis of what was in the will, and the opinion so indicates. Counsel is, therefore, entitled to be paid for the services which saved the estate the amount of the disallowed commissions. Concur — Capozzoli, J. P., Markewich, Murphy, Steuer and Eager, JJ. [66 Misc 2d 458.]