OPINION OF THE COURT
Irving A. Green, J.
Objections have been filed to the settlement of the intermediate account of the executor as follows:
1. That the value of 53.3 acres of land shown in Schedule F is inflated.
2. That the computation of commissions shown in Schedule I are excessive by reason of the foregoing inflated value placed upon said 53.3 acres of land.
The court has received from respective counsel memoranda on behalf of the petitioner and objectant which address only obliquely the objections, as filed.
The petitioner’s memorandum recites at point I: "The executrix’s commissions should be computed upon the value of any property received by her”, and at point II: "The foreclosure by *583 the executrix of the mortgages held by the estate does not change their character to real estate for accounting purposes and commissions may be allowed on their value.”
The objectant’s memorandum recites at point I: "The executrix is not entitled to commissions on the value of the mortgage in the amount of $103,449.14 or on the mortgage in the amount $50,857.50, as such mortgages were uncollected receivables and in fact such funds were never received by her”, and at point II: "Once the mortgages were foreclosed and the estate became the owner by virtue of the foreclosure the executrix is not entitled to commissions on all unsold real estate.”
The true issues sought to be raised by the objections filed to this account and which the court will address upon the merits are as follows:
The executrix received as an estate asset two bonds and mortgages, viz., a bond and mortgage in the face amount of $50,857.50 and a bond and mortgage in the face amount of $103,449.14. The account, as filed, does not evidence any principal payments to have been made upon such obligations.
At the outset, the court holds that an executrix is entitled to commissions upon bonds and mortgages which are estate assets. (Matter of Woods, 251 App Div 141.) The value of such assets is determined, in this case, by either of the following two methods: (a) The actual cash received in an arm’s length transaction for the discharge or other disposition of such bond and mortgage; or if not so disposed of, (b) The value of the bond and mortgage as returned in the Federal and New York State estate tax returns wherein such personalty is required to be reported at its fair market value. Such fair market value is predicated, inter alla, upon the fair market value of the underlying security which is the land. (US Code, tit 26, § 2031, Estate Tax Reg. 20.2031-4.)
Further, where title to the land, which is the underlying security for the bonds and mortgages, becomes vested in the executrix by foreclosure or otherwise, the land retains the character of personalty, representing the original asset, for the purpose of allowing commissions on its value. (Matter of Ross, 33 Misc 163; Matter of Oberg, 148 Misc 400.)
Accordingly, this court fixes the basis for the computation of receiving and paying out commissions of the executrix upon the bond and mortgage, in the face amount of $50,857.50, at the sum of $52,278.25, being the aggregate sum realized upon *584 the release of a portion of the mortgaged property and the cash realized upon the sale of the remaining portion of such property.
The court fixes the basis for the computation of the receiving and paying out of commissions of the executrix upon the bond and mortgage, in the face amount of $103,449.14, at the sum of $41,379.06, such latter sum being the value reported by the executrix in the New York estate tax proceeding for such asset. (Matter of Sheinman, 52 Misc 2d 220, 230.) No expert’s real estate appraisal of the real property has been filed or submitted with the account upon the filing of objections thereto. The Federal estate tax proceeding is now closed.