OPINION OF THE COURT
Arnold F. Ciaccio, S.
In this application to judicially settle the accounts of the petitioner Chase Lincoln First Bank, N. A., executor of this estate, various objections have been directed mainly to the levy of executor’s commissions and attorney fees. One specific objection is made with respect to the imposition of executor commissions on the Eastman Kodak deferred compensation plan provided by decedent’s former employer and included in the gross value of the estate for estate tax purposes. This objection presents an issue which appears to be one of first impression in this State.
*196 Notwithstanding the novelty of the issue thus presented, the court observes that its impact is narrow, it being limited to the instant set of facts and the particular determination made in connection with the handling of the decedent’s interest in the deferred employee compensation plan by this executor.
Simply stated, the court must determine if the executor is entitled to an executor’s commission on the discounted value of the deferred employee compensation plan.
FACTS
There is nothing of a factual nature which is in dispute. Petitioner Chase Lincoln First Bank, N. A. has served as executor of this estate since April 25, 1985. Upon the submission of its accounts and its application for judicial settlement thereof to the period ending November 4, 1987, a calculation of executor’s commissions at the statutory rates was made on assets which included the discounted value of the Eastman Kodak deferred compensation plan (the Plan) for total commissions of $27,999.61. In response thereto the objectant, Christopher Finley, 1 of 2 remaindermen of the trust established under the decedent’s will, has filed his objection to the calculation of executor’s commission insofar as it includes the value of the Plan. It is asserted on behalf of the objectant that the executor is not entitled commissions on the remaining Plan’s installment payments since these benefits were not "received” by the executor nor will they be received by him as is defined in SCPA 2307.
In the course of marshaling the assets of the estate, the executor made contact with the employee benefits department of decedent’s employer and was advised that decedent had been a participant in the Plan and it owned substantial number of shares of Eastman Kodak common stock with a date of death value of $567,803.78. Briefly stated, the Plan is an incentive compensation device which withholds and defers compensation for the benefit of certain executive employees of Eastman Kodak Company. The court has reviewed the Plan in its entirety. It is not in dispute that the decedent was a participant in the Plan having met each of the qualifying contingencies therein specified. Pursuant to the terms of the Plan decedent elected not to receive installment distributions of his interest during his lifetime. Accordingly, upon his death as is set forth in section 5 (a) "any deferred compensation or remaining unpaid portion which becomes payable after the *197 death of a participant shall be paid in installments to his legal representatives”. It is observed further for purposes of this decision that decedent’s will duly admitted to probate by this court on April 25, 1985, did not make specific provision for the distribution of his interest in the Plan.
In view of the Plan’s further provision that "the company shall possess absolute discretion in any event to accelerate the time of payment of any such deferred compensation or remaining unpaid installments”, the executor was admittedly presented with a unique and complex question. It was made clear by the employer that decedent’s interest in the Plan could be accelerated and received by the executor in a lump sum. Confronted with the decision to determine the effect, if any, of the receipt of a lump-sum payment from the Plan or to accept the alternative installment payments, and after weighing the numerous factors including various financial projections and the impact of the mode of receipt of the asset on income and estate tax considerations, the executor elected the installment alternative.
As a result of the executor’s decision to defer payment of the Plan for 10 yearly installments and ultimately payment of those installments directly to the trustee under the will, the Plan was included in the estate’s Federal and New York State returns at a value of $359,849.38 reflecting a discounted value of future payments. The executor’s decision to defer payment significantly reduced the estate’s income and estate tax liability.
Thus, the issue presented is whether deferred compensation of a type presented by this Plan to this decedent and to be paid several years after death of the decedent to the testamentary trustee is commissionable as an amount received and/or paid out by the executor pursuant to SCPA 2307.
Petitioner asserts the argument that the asset in question (the Plan) is analogous to a bond and mortgage. Since the executor of a decedent’s estate is entitled to a commission upon the bond and mortgage held in the name of the decedent, likewise a commission is obtainable here. (Matter of Tolosky, 102 Misc 2d 582; Matter of Woods, 251 App Div 141.) In Woods the court held that while the mortgage had never been converted into cash the value would be considered as money in computing the executor’s commission. (Matter of Woods, supra, at 143.)
Objectant’s response to the mortgage analogy is that the *198 deferred compensation set forth in this Plan is not a fixed amount to be paid at definite periods nor is it secured by real property. Here the objectant places emphasis on the board of directors’ retention of all power to determine payments and underlying investments. The mortgage analogy is not appropriate. This court views a bond of a bond and mortgage asset in a decedent’s estate as equivalent to a promissory note secured on real estate. It is akin to a corporate bond both of which are clearly estate assets received by a legal representative upon the death of the decedent and appropriately subject to commissions.
If we must deal with analogies, the court on its own views the Plan and its impact to the estate, the trust and the beneficiaries as more akin to life insurance proceeds payable to a trustee. While life insurance benefits are clearly part of the Federal gross estate they nevertheless are not commission-able to the executor.
The court is sympathetic to the assertion that the legal representative, in this instance the executor, performed any number of valuable services to the estate, and acted appropriately in making its decision regarding the lump sum versus the installment payments. It was its duty to do so. As this court has observed on any number of occasions, however, the payment of executor’s commissions is purely statutory and arithmatic. All too often it bears no resemblance to a quantum meruit. Simply put, executor’s commissions are computed on amounts received and paid out. Accordingly, despite it having performed valuable services in connection with the asset, it was an asset neither received nor paid out and accordingly not commissionable. It has long been held that commissions are not payable on property passing directly to a trustee and bypassing the executor. (Matter of Del Monte, 66 Misc 2d 458.) So too must this court dismiss the argument that the asset was commissionable because executor performed a service in connection therewith. That is simply not the qualifying standard in this State. On any number of instances executors are called upon to exercise authority and perform services with no commission available. Real property turned over in kind, efforts made with respect to stock specifically bequeathed are but two instances of areas described where no commission is available. (See, Matter of Tucker, 75 Misc 2d 318; Matter of Lane, 55 Misc 2d 88; Matter of Cullen, 127 Misc 2d 105; Matter of Roth, 53 Misc 2d 1066; Matter of Salomon, 252 NY 381.) While the efforts made in the exercise *199 of its executorial duties have benefited the estate, unfortunately the law does not provide for recompense of those efforts beyond the calculable commissions. However, if there are additional attorney or other professional support fees with respect to the executor’s decision the court allows those as disbursements on their itemization.
It was executor’s duty to determine the assets of the estate and that includes the formulation of decisions to benefit the estate. Had executor requested and received a lump-sum payment causing an additional tax impact to the estate the court could have entertained a surcharge proceeding. In addition, if such action were taken solely to obtain additional commissions, they would be denied. The executor here has made the appropriate decision but is entitled only to statutory commissions. Unfortunately, it does not include a levy of the percentage on the assets of the Plan. The accounts are otherwise settled as submitted.